Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
Brian L. Smith

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. SMITH, | CASE NO. |
| Plaintiff, | COMPLAINT<br>29 USC §1132(a)(1)(B) |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |
| _____/ | |

PLAINTIFF, BRIAN L. SMITH, ALLEGES AS FOLLOWS:

**JURISDICTION**

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof. This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2. Venue is proper under 29 USC §1132(g) in that the defendant, Metropolitan Life Insurance Company

("MetLife"), does business within the jurisdiction of the United States District Court, Northern District Of California.

3. Plaintiff is presently a resident of Howell, Michigan.

4. Plaintiff is informed and believes that defendant, MetLife, and at all times herein mentioned was, a New York corporation, with its principal place of business in New York City, New York.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

Brian Smith, 56, was working at Sanmina-Sci Corporation as a software engineer when he was forced by bipolar disorder and major depressive disorder to stop working by May 2010. When Mr. Smith was determined to be disabled from his occupation in May 2010, he was covered under an employer sponsored long term disability insurance plan through MetLife and administered by MetLife. The long-term disability insurance plan was to provide disability payments to an employee who suffered a total disability, whether due to physical or mental illness. Mr. Smith's bipolar disorder, depression and anxiety disorder led to a total disability from his occupation as an engineer, as determined by his medical doctors, and he applied for benefits under the long-term disability insurance plan administered by MetLife. Mr. Smith applied for benefits under MetLife's long-term disability plan, and his claim was accepted. His claim was based on the opinion of his treating

doctors that he could not return to work in his former occupation. Accordingly, MetLife made payments for 24 months and then denied any further payments, arguing Mr. Smith no longer met the plan definition of disability since MetLife determined he could resume working under the "any occupation" definition of the plan.

6. When plaintiff was found disabled from his employment at Sanmina-Sci by his doctors, there was in existence for all employees, including the plaintiff, a long term disability insurance plan through MetLife, and administered by MetLife.

7. The long-term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability, as defined by the plan.

8. Plaintiff's severe bipolar disorder led to a total disability from his occupation as a software engineer, as determined by his medical doctors, and he applied for benefits under the long-term disability insurance plan administered by defendant. Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that he could not return to work in his former occupation, and subsequently, any occupation, due to the severity of his bipolar and depressive condition.

9. Plaintiff's personal physician believed that plaintiff was in fact disabled from returning to work in any job that included a stressful environment with demanding

deadlines and long periods of concentration on a full time basis.

10. Plaintiff accordingly applied for benefits under defendant's long-term disability plan. Long-term disability benefits were granted for two years and then denied due to defendant's opinion that the bipolar disorder was not severe enough to prevent plaintiff from returning to work. Plaintiff appealed defendant's decision in accord with the requirements of his policy. The appeal was denied by defendant.

11. The relevant portions of the MetLife long-term disability insurance policy read as follows:

"1.
During the first 24 months, including your Elimination Period, you are unable to earn more than 80% of your Predisability Earnings at your Own Occupation for any employer in your Local Economy; or

2.
after the first 24 month period, you are unable to earn more than 80% of your Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings."

12. Defendant breached its obligation under the long-term disability plan by denying plaintiff's disability

benefit when plaintiff met all of the above criteria which set forth eligibility.  Defendant arbitrarily and unreasonably relied on retained consultants' opinions while unreasonably ignoring plaintiff's own statements and treating doctors' opinions.

    13.  Plaintiff at all times herein mentioned has performed all the terms and conditions of the MetLife long-term disability plan on his part to be performed.

    14.  As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

    WHEREFORE, plaintiff prays judgment against defendant as follows:

    1.  For compensatory damages;

    2.  For costs of suit herein;

    3.  For reasonable attorney fees pursuant to 29 USC §1145;

    4.  For prejudgment interest on all back benefits; and

    5.  For such other and further relief as the court may deem proper.

DATED: July 29, 2014    Law Offices Of P. Randall Noah

    By: /s/  P. Randall Noah
    P. Randall Noah
    Attorney for Plaintiff, Brian L. Smith